**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**(*Orlando Division*)**

| | |
|---|---|
| IN RE: | CASE NO. 6:23-bk-00467-LVV |
| | Chapter 7 |
| MEHRNOOSH SABETI SANAT, | |
| Debtor(s). _____/ | |
| WESTLAKE FLOORING COMPANY, LLC, | Adversary Case No. 6:23-ap-00043-LVV |
| Plaintiff, | |
| v. | |
| MEHRNOOSH SABETI SANAT, BAY AVENUE HOLDINGS, LLC and TRADE INVESTMENT PROPERTY, INC., | |
| Defendants. _____/ | |

**AMENDED ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT, AVOID FRAUDULENT TRANSFERS AND FOR OTHER RELIEF**

Creditor WESTLAKE FLOORING COMPANY, LLC ("Westlake"), brings this Amended Adversary Complaint against MEHRNOOSH SABETI SANAT, BAY AVENUE HOLDINGS, LLC and TRADE INVESTMENT PROPERTY, INC., pursuant to Sections 523(a)(2)(a) and 727 of Title 11 of the United States Code ("Bankruptcy Code"), Rules 4007(e), 7001(6) of the Federal Rules of Bankruptcy Procedure and Chapter 726 of the Florida Statutes, and alleges as follows:

**INTRODUCTION**

1. This Amended Adversary Complaint seeks to avoid and recover real property fraudulently transferred by Debtor to Defendant Bay Avenue Holdings, LLC.

2. Less than two months prior to filing this bankruptcy, and 2 weeks after Westlake secured a final judgment in the principal amount of $337,366.60 against her, Debtor sold real estate

to a company controlled, and solely owned by, her ex-husband in an attempt to fraudulently transfer assets and hinder her creditors.

3.  Accordingly, Debtor should not receive a discharge, this Court should find that the Debtor's attempted transfer of the subject property is invalid and conducted by fraudulent means.

## PARTIES, JURISDICTION AND VENUE

4.  This is an action by Westlake to avoid and recover fraudulent and/or avoidable transfers and to determine dischargeability of the Debtor's debt owed to Westlake under under 11 U.S.C. § 727 of the Bankruptcy Code[1], and for other relief under applicable state law.

5.  Westlake is a creditor and is a floorplan financing company engaged in the business of loaning money to automobile dealerships.

6.  Debtor is an individual and was the owner of used-car dealership Universal Auto Plaza, Inc. ("Universal") that conducted business in Orange County, Florida.

7.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1334(b). *In re Reefe*, 638 B.R. 834, 839 (Bankr. S.D. Fla. 2022). This Court has statutory authority to hear and determine this case under 28 U.S.C. §§ 157(b)(2)(H), (J), and (K). *Id.*; *In re Thacker*, No. 12-50370-KKS, 13-05019-KKS, 2015 WL 2455539, at *1 (Bankr. N.D. Fla. May 22, 2015).

8.  This is a core proceeding pursuant to 28 U.S.C. § 157. *Id.*

9.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTS COMMON TO ALL COUNTS

---

1 *See In re Hintze*, 570 B.R. 369 (Bankr. N.D. Fla. 2017).

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130    (305) 379-0400

10. On July 18, 2014, Universal entered into a Loan and Security Agreement ("LSA") with Westlake whereby Westlake would lend money to Universal to purchase automobiles for its inventory and Universal would repay the loan pursuant to the LSA's terms.

11. Debtor executed a Personal Guaranty in favor of Westlake in which she absolutely and unconditionally guaranteed payment of Universal's indebtedness.

12. Universal defaulted on the LSA in November of 2016.

13. Westlake filed suit against Debtor and Universal on November 26, 2016 to enforce its rights under the LSA and Personal Guaranty in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No: 2016-CA-010362-O.

14. On October 17, 2022, the court conducted a trial and on December 1, 2022 entered a final judgment in the principal amount of $337,336.60 (the "Judgment") in Westlake's favor jointly and severally against Universal and Debtor. A copy of the Judgment is attached as **Exhibit "A"**.

15. On February 7, 2023, Debtor filed her voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

16. In her schedules, Debtor identified the Judgement Westlake obtained against her at 4.2.1.

17. In the Petition, and in response to whether the Debtor sold or transferred property within the last two years prior to filing bankruptcy, Debtor disclosed the transfer of a single-family home on December 15, 2022, located at 655 Bay Avenue Eagle Lake, FL 33839 (the "Property") to Bay Avenue Holdings LLC.

18. At the meeting of creditors held on March 8, 2023, undersigned counsel elicited testimony from the Debtor that Bay Avenue Holdings LLC is controlled by another entity – Trade

Investment Property, Inc. whose owner is Alireza Assadi – the Debtor's ex-husband. Debtor also testified that she still lives with her ex-husband despite being divorced.

19. The Petition disclosed that the Debtor sold the Property for $85,000. The sales price disclosed in the schedules represents less than forty percent of the estimated value of the Property according to multiple sources including Zillow, Re-Max and Redfin.

20. The Petition also disclosed that Debtor received only $3,560.18 at the closing of the sale of the Property "after reductions". However, when questioned regarding the purported reductions, Debtor was unable to answer undersigned counsel and the Trustee's questions meaningfully.

21. Accordingly, the sale of the Property to an entity owned by Debtor's ex-husband constitutes a fraudulent conveyance and Debtor should be precluded from receiving a discharge from this Court.

### COUNT I – AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 727 OF THE BANKRUPTCY CODE

22. Westlake re-states and re-alleges paragraphs 1 through 21, as if fully set forth herein.

23. Pursuant to 11 U.S.C. §§ 727(a) and 727(c)(1), Westlake may request the Court to deny a discharge and avoid any transfer of the Debtor's interest in property or any of the Debtor's obligations that is voidable under applicable law as a result of the Debtor's

> intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property under Title 11, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
>
> (A) property of the debtor, within one year before the date of the filing of the petition.

11 U.S.C. § 727(a)(2)(A).

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130    (305) 379-0400

24. Additionally, § 726.105(1)(a), Florida Statutes, provides:

(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(a) With actual intent to hinder, delay, or defraud any creditor of the debtor; …

25. § 726.105(1)(b), Florida Statutes, provides:

(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(b) Without receiving reasonably equivalent in value in exchange for the transfer or obligation, and the debtor:

(1) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

(2) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

26. § 726.105(2), Florida Statutes, provides:

2. In determining actual intent under paragraph 1(a), consideration may be given, among other factors, to whether:

(a) The transfer or obligation was to an insider;
…
(d) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
(e) The transfer was of substantially all the debtor's assets;
…
(i) The debtor was insolvent or became insolvent shortly after the transfer was made of the obligation was incurred;
(j) The transfer occurred shortly before or shortly after a substantial debt was incurred;
…

27. The sale of the Property from the Debtor to the entity controlled by her ex-husband was a transfer made with the actual intent to hinder, delay, and/or defraud creditors pursuant to 11 U.S.C. § 727(a)(2)((A) and § 726.105(1)(a), Florida Statutes.

28. Debtor sold the Property to an insider, *i.e.* her ex-husband.

29. Before the sale of the Property, Debtor had been sued by Westlake and a final judgment entered against her.

30. Based on Debtor's schedules, the Property was her only asset. Accordingly, the sale was of substantially all of her assets.

31. At the time of the Property's sale, the Debtor was, and still is, indebted in an amount greater than the amount of the sale. Accordingly, the Debtor was insolvent, or became insolvent shortly after she sold the Property.

32. At the time of the Property's sale, the Debtor had incurred debts beyond her ability to pay as they became due.

33. Debtor sold the Property 2 weeks after Westlake secured the Judgment against her.

34. Therefore, in accordance with 11 U.S.C. § 727(a)(2)(A), Debtor is not entitled to a discharge and the Estate is authorized to take possession of the Property the extent that the sale is avoided pursuant to § 726.105(1)(a) of the Florida Statutes. *In re Clarkston*, 307 B.R. 882 (Bankr. S.D. Fla. 2008) (debtor's prepetition transfer of real property to ex-wife was avoidable fraudulent transfer under Bankruptcy Code and state law).

**WHEREFORE**, Westlake demands judgment against Defendants, MEHRNOOSH SABETI SANAT, BAY AVENUE HOLDINGS, LLC and TRADE INVESTMENT PROPERTY, INC (a) determining that the sale of the Property is fraudulent and avoidable under 11 U.S.C. 727(a)(2)(A) and § 726 Fla. Stats.; (b) avoiding the sale of the Property and entering judgment in

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

favor of Westlake against Defendants and entering judgment in the amount of $337,336.60 or such amounts as are determined at trial, or the value of thereof, and as otherwise detailed in the amounts set forth herein, plus pre-judgment interest from the date of the transfers and post-judgment interest, and costs of suit.

### COUNT II –OBJECTION TO DISCHARGE OF DEBT PURSUANT TO SECTION 727 OF THE BANKRUPTCY CODE

35. Westlake re-states and re-alleges paragraphs 1 through 21, as if fully set forth herein.

36. Pursuant to 11 U.S.C. § 727(a)(2)(A), a creditor may object to a discharge of any obligation incurred by the debtor that is voidable under applicable law.

37. Pursuant to 11 U.S.C. § 523, "a discharge under section 727, 1141, 1192 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

>  **(2)** for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>
>  **(A)** false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.…

38. The sale of the Property was made without the Debtor receiving reasonably equivalent value in exchange for the transfer pursuant to § 726.105(1)(b), Florida Statutes.

39. Debtor sold the Property to an insider, *i.e.*, her ex-husband.

40. Before the sale of the Property, Debtor had been sued by Westlake.

41. Based on Debtor's schedules, the Property was her only asset. Accordingly the sale was of substantially all of her assets.

42. At the time of the sale of the Property, the Debtor was, and still is, indebted to Westlake in an amount greater than the amount of the sale. Accordingly, the Debtor was insolvent, or became insolvent shortly after she sold the Property.

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130    (305) 379-0400

43. At the time of the sale of the Property, the Debtor had incurred debts beyond her ability to pay as they became due.

44. Debtor sold the Property 2 weeks after Westlake secured the Judgment against her.

45. As set forth above, the Debtor was otherwise insolvent at the time of the sale of the Property.

46. "To prevail under § 727(a)(2)(A), a creditor must show that the act complained of was an act of the debtor, among other elements required for the cause of action. An objection to discharge pursuant to § 727(a)(2) must relate to an act of the debtor." *In re Wingate*, 377 B.R. 687, 702 (Bankr. M.D. Fla. 2006) (internal quotation marks and citations omitted).

**WHEREFORE**, Westlake demands judgment against Defendant MEHRNOOSH SABETI SANAT (a) determining that the sale of the Property is fraudulent and avoidable under § 726.105, Fla. Stats.; (b) denying Debtor a discharge due to the fraudulent transfer of substantially all of her assets at the time she was insolvent; and (c) entering judgment in the amount of $337,336.60 or such amounts as are determined at trial, or the value of thereof, and as otherwise detailed in the amounts set forth herein, plus pre-judgment interest from the date of the transfers and post-judgment interest, and costs of suit.

Respectfully submitted,

/s/ *James R. Liebler, II*
James R. Liebler, II (FBN 115348)
Email: jrlii@lgplaw.com; mkv@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Tel: (305) 379-0400
Fax: (305) 379-9626
*Attorneys for Westlake Flooring Company, LLC*

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2023, a copy of the foregoing was served via the Court's electronic case filing system on all of those parties receiving electronic notice in the above-referenced case and via U.S. Regular Mail to the following parties:

JEFFREY S. BADGLEY
Florida Bar No.:0599417
Badgley Law Group
801 N. Magnolia Ave., Suite 107
Orlando, FL 32803
Tel: (407) 781-0420
jbadgley@badgleylawgroup.com
Attorney for Debtor

/s/ James R. Liebler, II
JAMES R. LIEBLER, II