UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In Re: | CASE NO.: 6:23-bk-00467-LVV |
| | Chapter 13 |
| MEHRNOOSH SABETI SANAT | |
| | Adversary Case No. 6:23-ap-00043-LVV |
| Debtors. | |
| _____/ | |
| | |
| WESTLAKE FLOORING COMPANY, LLC, | |
| | |
| Plaintiff, | |
| | |
| v. | |
| | |
| MEHRNOOSH SABETI SANAT, BAY AVENUE HOLDINGS, LLC and TRADE INVESTMENT PROPERTY, INC. | |
| | |
| _____/ | |

**<u>DEBTORS' MOTION TO DISMISS AMENDED ADVERSARY COMPLAINT OF WESTLAKE FLOORING COMPANY, LLC</u>**

Defendants, Mehrnoosh Sabeti Sanat, Bay Avenue Holdings, LLC and Trade Investment Property, Inc., serve this Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7012 of the Federal Rules of Bankruptcy Procedure, and respectfully request this court to enter an order dismissing the Amended Adversary complaint filed in this action by Westlake Flooring Company, LLC, and state as grounds:

1. Pursuant to this Court's order dismissing its first Adversary Complaint (Doc. No. 9), judgment creditor Westlake Flooring Company, LLC ("Judgment Creditor") served its Amended Adversary Complaint to Determine Dischargeability of Debt, Avoid Fraudulent Transfers and for other Relief ((Doc. No. 11) ("Amended Adversary Complaint").

2. Judgment Creditor alleges as a factual basis for the relief it seeks that Debtor transferred property owned by her for less than fair market consideration. This transaction occurred approximately two weeks after Judgment Creditor obtained a judgment against Debtor, and approximately two months before Debtor's petition for relief under Chapter 7 of the United States Bankruptcy Code.

3. Judgment Creditor's Amended Adversary Complaint contains two counts: Count I seeks avoidance and recovery of an alleged fraudulent transfer pursuant to 11 U.S.C. Sections 727(a) and 727(c)(1); Count II objects to Debtor's discharge pursuant to 11 U.S. C. section 727(1)(2)(A). In its prayer for relief for both counts, Judgment Creditor requests the court to determine that Debtor's transfer was fraudulent under Florida's Fraudulent Transfer Act, Chapter 726 for the Florida Statutes. Judgment Creditor further requests that the court avoid the sale of the property and enter a judgment in favor of Judgment Creditor for the amount of its pre-existing judgment.

4. The Amended Adversary Complaint should be dismissed with

prejudice because it seeks relief that only the Chapter 7 trustee can seek.  See Section 541(a)(7) (property of the estate includes any interest in property that the estate acquires after the commencement of the case); *In re: Fritz*, 88 B.R. 434 (S.D. Fla. 1988) (creditor lacks standing to assert avoidance claim because this claim "is available only to the bankruptcy trustee, not to a creditor."). See also *In re: Manton*, 585 B.R. 630 (N.D. Ga. 2018) ("Two well-established principles of bankruptcy law, however, are that fraudulent transfer actions become property of the estate, and that only the trustee has the power to prosecute a fraudulent transfer action.").

5.  Because the fraudulent transfer lawsuit and any recovery from it is an asset of the estate, Judgment Creditor has no standing to prosecute its claims.  Rather, any claims for fraudulent conveyance are within the exclusive jurisdiction of the trustee, who is authorized to exercise avoidance for fraudulent transfers under sections 544(b) and 550 of the United States Bankruptcy Code. See *In re: Manton*, 595 B.R. at 635 (holding that "[o]nly the chapter 7 trustee may prosecute a fraudulent transfer action once a debtor files for bankruptcy"); *In re Zwirn*, 362 B.R.. 536 (S.D. Fla. 2007) (holding that avoidance claims are property of the estate and that trustee has exclusive standing to prosecute or settle such claims); *In re: Universal Marketing, Inc.*, 459 B.R. 573 (E.D. Penn 2011) (holding that bankruptcy court had jurisdiction to consider trustee's claim for avoidance pursuant to Section 544(b) and Pennsylvania law).

6. Judgment Creditor alleges that its lawsuit is a core proceeding that should be litigated in the bankruptcy court, under the authority of Section 28 U.S. Section 157(b)(2)(H)("…proceedings to determine, avoid, or recover fraudulent conveyances" are core proceedings). See *In re: Bliss Technologies*, *Inc.*, 307 B.R. 598(E.D. Mich. 2004) (finding that trustee's fraudulent conveyance action based on state law and Section 544(b) was a core proceeding). However, the fact that its Amended Adversary Complaint may allege a core proceeding does not grant Judgment Creditor standing to pursue the remedy of avoidance.

7. Other relief demanded by Judgment Creditor is problematic. Judgment Creditor requests in both counts of its Amended Adversary Complaint the entry of a judgment in the amount of the value of the property. However, Judgment Creditor already has a judgment against the Debtor. No additional judgment is necessary or appropriate.

8. To the extent that the Amended Adversary Complaint seeks a determination of non-dischargeability of its existing judgment, Debtor agrees that Section 727(a)(2)(A) is a basis for relief. However, the request for avoidance and entry of judgment is so commingled in both Counts I and II that Debtor cannot reasonably frame a response.

9. In summary, creditor Judgment Creditor seeks avoidance relief for its own interest, not that of the estate's, a remedy that lies within the exclusive

jurisdiction of the chapter 7 trustee.

WHEREFORE, Debtor respectfully request this court grant this motion and enter an order dismissing the Amended Adversary Complaint with prejudice as to any claim for avoidance, and to order such additional relief as this Court deems just and equitable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Response has been electronically filed and served via U.S. First Class Mail, postage prepaid, or by electronic transmission to: James R. Liebler, II, Liebler, Gonzalez & Portuondo, Courthouse Tower – 25th Floor, 44 West Flagler Street, Miami, FL 33130, Attorneys for Westlake Flooring Company, LLC; Esther McKean, attorney for Chapter 7 Trustee, 420 S. Orange Avenue Ste. 1200, Orlando, FL 32801, and Lori Patton, Chapter 7 Trustee, (via CM/ECF), this 29th day of September, 2023.

/s/ Jeffrey. S. Badgley
JEFFREY S. BADGLEY
Florida Bar No.:0599417
Badgley Law Group
801 N. Magnolia Ave., Suite 107
Orlando, FL 32803
Tel:  (407) 781-0420
jbadgley@badgleylawgroup.com
Attorney for Debtor