ORDERED.

Dated: **January 10, 2024**

Lori V. Vaughan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 6:23-bk-00467-LVV |
| Mehrnoosh Sabeti Sanat | ) | Chapter 7 |
| | ) | |
|     Debtor. | ) | |
| _____ | ) | |
| | ) | |
| In re: | ) | Case No. 6:23-bk-03060-LVV |
| | ) | Chapter 13 |
|  Alireza Assadi, | ) | |
| | ) | |
|     Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Westlake Flooring Company, LLC | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No. 6:23-ap-00043-LVV |
| | ) | |
| Mehrnoosh Sabeti Sanat, Bay Avenue Holdings, LLC, and Trade Investment Property, Inc., | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

Lori Patton, Chapter 7 Trustee of the Estate )
of Mehrnoosh Sabeti Sanat, )
                                 )
              Plaintiff, )
                                 )      Adversary No. 6:23-ap-00120-LVV
vs. )
                                 )
Bay Avenue Holdings, LLC and )
Mehrnoosh Sabeti Sanat, )
                                 )
            Defendants. )
                                 )
                                 )

## **ORDER DIRECTING MEDIATION**

THESE CASES came before the Court without a hearing, and THESE ADVERSARY PROCEEDINGS came before the Court on January 9, 2024 for a status conference.[1] After reviewing the pleadings and considering that the Parties potentially could resolve their dispute by mediation and for the reasons stated in open court, it is

**ORDERED**:

1.     Mehrnoosh Sabeti Sanat, Alireza Assadi, Westlake Flooring Company, LLC, Bay Avenue Holdings, LLC, Trade Investment Property, Inc., and Lori Patton, Chapter 7 Trustee of the Estate of Mehrnoosh Sabeti Sanat (collectively the "Parties") are directed to mediation for possible resolution of all issues between the Parties, including but not limited to all issues between the Parties in these cases and all issues between the Parties raised in the complaints of these proceedings.

2.     The Chapter 13 Trustee, Laurie K Weatherford, may voluntarily participate in the mediation, but is not required.

3.     Mediation is to occur at a mutually convenient time and administered consistent with Local Rule 9019-2.

---

[1] Although the above captioned bankruptcy cases were not called at the hearing, debtors' counsel was present at the hearing on January 9, 2024 and did not oppose mediation.

4.     Parties shall select an agreed mediator within three (3) days of service of this Order. If the Parties cannot agree on a mediator, Parties shall file a joint request for the Court to appoint a designated mediator.

5.     Parties are directed to furnish a statement of the dispute together with a copy of all relevant documents to the mediator at least two (2) days prior to the mediation, unless directed otherwise by the mediator. The statement shall not be filed with the Court.

6.     Every party participating in the mediation is directed to send a representative with full settlement authority.

7.     Parties are directed to attend mediation in person or through the use of video conferencing software (i.e. ZOOM), unless otherwise agreed to by the Parties and mediator.

8.     Parties are directed to each pay an equal share of the cost of the mediation, unless the Court orders otherwise.

9.     Following the conclusion of the mediation, the mediator is directed to submit a written report identifying the parties in attendance and indicating whether any settlement was reached.

10.     Mediation must be completed by **April 1, 2024.**

11.     The clerk is directed to docket a copy of this order in the above captioned cases and proceedings.

Clerk to Serve.